UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INGA KIRILOVA on behalf of herself and
all other similarly situated consumers

Plaintiff,

-against-

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.

Defendant.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   SEP 07 2012   ★

LONG ISLAND OFFICE

**CV-12 4493**

**AMON, CH.J.**

**GO, M.**

**SUMMONS ISSUED**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Inga Kirilova seeks redress for the illegal practices of Professional Bureau of Collections of Maryland, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within Richmond County.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt purportedly owed to IKEA Consumer.

5. Upon information and belief, Defendant's principal place of business is located within Greenwood Village, Colorado.

-1-

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Inga Kirilova

10.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.  On or about December 16, 2011, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12.  Said letter states in pertinent part as follows: "Notice is hereby given that the above referenced to this office for collection activity. If you are represented by an attorney in regards to this debt, print his or her name, address and phone number on the stub of this letter and return it to our office."

13.  Said language is deceptive and misleading, as requesting that the consumer provide the name of an attorney if represented does not protect the consumer in terms of disputing the debt.

14.  The least sophisticated consumer may be led to believe from the said letter, that he or

-2-

she does not have to dispute the debt to preserve his or her rights, which is false.

15.   Defendant violated 15 U.S.C. §§ 1692g and 1692e(10) for false representation and the use of deceptive language to collect or attempt to collect a debt.

16.   Said letter also states in pertinent part as follows: "A 3% processing fee is added to all credit/debit card transactions unless prohibited by law or client."

17.   The notification and collection of the 3% processing fee is unlawful. *See e. g Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010)
The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language "You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account."

18.   The least sophisticated consumer would be uncertain whether or not it is permitted by law for the Defendant to charge a processing fee.

19.   Furthermore, whether or not it is prohibited by the client, it is unlawful to stipulate a processing fee unless the Plaintiff entered into an agreement with IKEA that it be imposed.

20.   Defendant's processing fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

21.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty (20) as if set forth fully in this cause of action.

22.   This cause of action is brought on behalf of Plaintiff and the members of a class.

23.   The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about December 16, 2011 sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to IKEA Consumer; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692g, 1692f(1), 1692e(2) and 1692e(10) for false representation and the use of deceptive language to collect or attempt to collect a debt, and for making a false representation that it was entitled to receive compensation for payment by credit or debit card.

24.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)   Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)   There are questions of law and fact common to the class and these questions

predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

25.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class

pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.    Collection attempts, such as those made by the Defendant are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

28.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

29.    Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and

against the Defendant and award damages as follows:

(a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
September 4, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-7-

P.O. Box 320006
Birmingham, AL  35222-1308

12/16/2011

27
*******************AUTO**MIXED AADC 350
INGA KIRILOVA                T6 P1
158 COLONY AVE
STATEN ISLAND, NY 10306-5902

| | |
|---|---|
| Creditor: | GE Capital Retail Bank |
| Product Group: | IKEA Consumer |
| Agency Identification Number: | GEC1545439 |
| Account Balance: | $1,574.50 |
| Date of Notice: | 12/16/2011 |
| Creditor Account Number: | XXXXXXXXXXXX5400 |

Your account has been assigned to Professional Bureau of Collections of Maryland, Inc..

Notice is hereby given that the above referenced account has been referred to this office for collection activity. If you are represented by an attorney in regards to this debt, print his or her name, address and phone number on the stub of this letter and return it to our office.

We trust that your intention is to settle this long overdue debt, if you wish to make arrangements to pay this debt you may contact our office at (720) 200-0326 or (800) 270-9685.

Our office hours are: Monday - Thursday 7:00 am - 7:00 pm, Friday 7:00 am - 5:00 pm, Saturday 7:00 am - 11:00 am Mountain Time.

Professional Bureau of Collections of Maryland, Inc. 5295 DTC Pkwy, Greenwood Village, CO 80111

This notice is sent by a professional debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Mr. Chris Velasquez
Debt Collector

If you would like to make your payment online, go to  www.pbccorp.com/modpay.asp

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

SEPARATE AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

Have you filed Bankruptcy    ☐ Yes    ☐ No
Case # _____ Discharge Date _/_/_
Please Note: If your current address differs from that shown above please indicate any changes below:

_____

| | |
|---|---|
| Creditor: | GE Capital Retail Bank |
| Product Group: | IKEA Consumer |
| Agency Identification Number: | GEC1545439 |
| Account Balance: | $1,574.50 |
| Date of Notice: | 12/16/2011 |
| Creditor Account Number: | XXXXXXXXXXXX5400 |
| Agency Phone Number: | (800) 270-9685 |

A 5% processing fee is added to all credit/debit card transactions unless prohibited by law or client.
IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW
NAME AS IT APPEARS ON CREDIT CARD

BILLING ADDRESS

☐ VISA          ☐ MASTERCARD
CARD NUMBER          EXP DATE      AMOUNT

SIGNATURE          PHONE # REQUIRED

INGA KIRILOVA
158 COLONY AVE
STATEN ISLAND, NY 10306-5902

Professional Bureau of Collections of Maryland, Inc.
PO Box 4157
Greenwood Village, CO 80155